The first case that is on the schedule is United States v. Faulkner, 18-7066. Counsel, you may proceed. Good morning, and may it please the Court. I am Barry Derryberry, present for Jared Faulkner, the appellant, who is appealing his 96-month sentence on a single issue that is presented to the Court under plain error review standards. The issue is whether or not his prior Oklahoma conviction for endeavoring to manufacture methamphetamine qualifies under Guideline Section 4B.1.2 as a controlled substance offense. To begin with, the elements of endeavoring are very sparse. It is just simply knowingly endeavoring to manufacture a controlled dangerous substance. We know a couple more things about this other than that statutory recitation of the elements. We know from a jury instruction that is a uniform instruction in Oklahoma, as well as the Tidmore case that formally adopts it, that endeavor means or is defined as any effort to accomplish the evil purpose that the law is designed to prohibit. Well, help me with this, Mr. Derryberry. Okay, I'm sorry, you're going to talk about Tidmore. Go ahead and talk about Tidmore, and then I'll ask my question. Well, and then the remaining, I think, facet, just right on the board to begin with, is Tidmore says that endeavoring does not require an overt act. So I think that frames the crime that we are analyzing. Well, one of the things that sort of puzzles me in this case is based upon your initial statement, which is all that we have from the statute is the plain word endeavor. There is no definition of endeavor, and what that leads me to ask is, when your client doesn't object below and there is no definition of endeavor, why should the district court not believe that it would be a controlled substance offense that was at issue here? There is a definition of endeavor. Where is the definition of endeavor? It is in the Ouija instructions. In the jury instructions, which if your client didn't object, why would the judge have wanted to look at the Ouija instructions? Why would that have been an issue? And Tidmore cites that instruction. And why would the judge have looked at Tidmore if nobody's arguing over it? That's my point, Mr. Derryberry. I mean, if there's a statute, the PSR comes out. The PSR says this is a controlled substance offense. It involves endeavoring to manufacture methamphetamine. There is no definition in the statute. So even if the court browses through the statute to try to figure out what it is, there's no definition. Why should the court go the additional step of looking at the Ouija or going to do research and look at Tidmore if nobody's fighting over it? My conception of plain error review is that this court engages in that review. And whether whatever might have happened in district court had the issue been raised, or like I think McKibben is a good exemplar from just two years ago that shows it's on plain error review. And it's a 4B1.2 case. And Judge Ebell just goes through the standard categorical analysis and includes case law and is discussing not only Colorado case law. That's one of the two offers to sell cases we have. And discusses not only Colorado case law, but case law from a couple of other states. He did. But the thing about McKibben is in McKibben, the court also relied heavily on the fact that we had already construed the particular guideline provision at issue not to include, I guess, not offers to sell. And the point is we have no similar construction of the scope of the guideline provision as it relates to this statute, do we? This is a first impression. It is. Yes. And so we don't have what we had in McKibben, do we? We have the analysis, I believe, that if we go through the categorical analysis just like McKibben did, then we reach a finding that satisfies plain error. Well, McKibben relied upon Matkins, and Matkins had already determined that an offer to sell was off the table. The point I'm making is that in this instance, we don't have that definitive construction of what the scope is. And I take it in light of the – well, let me ask this question. In light of the word include in the guideline provision, I take it you agree that it is not just the enumerated offenses in the Application Note 1. You know what I'm talking about, right? Sure. Okay. In light of the term include, I take it you agree that Application Note 1 does not just reference the enumerated inchoate offenses, but it could include similar ones, right? It does not have any language that points to anything outside of the enumerated inchoate offenses. In Cornelio, haven't we already held that that's, in fact, the case, that it could include similar offenses? Yeah, I think that construction was recognized in – I know there's – I don't know the name of the case, but I'm familiar with this court having held that that construction applied in that case. Well, then it could include other similar offenses. So the courts – so we're looking at Endeavor, other similar offenses. The question then would be whether it's similar. Wouldn't it be? I think that that would be definitely appropriate. Okay. And under plain error review, we don't have a Tenth Circuit case as we did in McKibbin that tells us absolutely it doesn't include the conduct that's at issue here, i.e. Endeavor and as it relates to the Ouija instructions. So aren't we differently situated than we were in McKibbin? I think you're pointing out a distinction between this case and McKibbin, but I don't think that distinction obviates that. The appropriate analysis of this case is to go through, to trick through the basic analysis that applies and reach a legal conclusion. And I'm familiar with cases in the past from this court that have said that a precedental case does not necessarily have to exist for plain error review to spring from an error, that this court is at liberty to conduct the appropriate legal analysis and determine what the law is. And if there is alternative circuits, I think this will probably jog everyone's memory, cases have said if there are circuit splits and they have fussed about what the standard is, then that will defeat plain error. But where there are other circuits that have sounded on the issue, then to hang on those cases in determining that there's plain error, the offer to sell is an example, that that can pave the way for plain error. There had been at least two other circuits that had held the offer to sell was a problem. Do you have a similar situation here as it relates to two other circuits interpreted? I don't have other circuits. You don't have our circuit, right? That's right. So, just to recap your argument then on plain error, if you could just complete the sentence, I've met my burden to show plain error because. How have you shown plain error? I show plain error because it is, to me, clear and obvious that going through these different places where a prior offense might fall within the scope, that it is clear and obvious that it does not. It begins with the enumerated crimes of 4B1.2. I think there's not really going to be a lot of counter debate about that. 4B1.2 subparagraph 2 does not list endeavoring. Then we go to the inchoate offense paragraph, if you will, or clause of Application Note 1. And my brief has gone through those and shown that it is nowhere near what attempt requires because attempt requires an overt act that is a substantial step. And as we have from the Tidwell case from the Court of Criminal Appeals, this is a very definite ruling saying that endeavor does not require an overt act. Sir? Let me ask you a question. In Application Note 1, one of the offenses that's listed is conspiracy. And in your brief, you talk about the inchoate offenses and you say, well, all of these offenses at least include an overt act. Well, in 846, conspiracy doesn't include an overt act, does it? The drug conspiracy does. It's the other conspiracy that does. Well, in 846 does not include one. And as referenced here, that Application Note 1 relates to drug offenses, right? Yes. Okay. So that doesn't really hold true that every enumerated inchoate offense in Application Note 1 requires an overt act, does it? That's a misstatement as to conspiracy. Conspiracy requires an agreement. My question was you hung your hat on the fact that every one required an overt act. Not every inchoate offense in Application Note 1 requires an overt act, does it? The one conspiracy does not require an overt act as to drug conspiracy. Yes, you are correct. Part of my argument also is pointing out the conspiracy requires an agreement between two people that this is nothing similar to. I'm sorry? No, that's fine. I have a slightly different question now. Do you have any examples of a defendant in Oklahoma being prosecuted under state statute, the 2408, for endeavoring to manufacture a controlled substance where the defendant was not in possession of prohibited drug-related materials? No, I don't. And I don't think that it would be possible for anybody to come up with those except for doing a lot of research into the filing of information and disposition of information in the various district courts because this is a very rarely prosecuted crime in the state of Oklahoma. I don't mean extraordinarily rare, but you can measure from the lack of court of criminal appeals dispositions of this case, even unpublished dispositions. There are very few in between. Let me make sure I'm being clear on where this question is coming from, and that is the Duenas-Alvarez issue where maybe the statute, at least in theory, the statute of conviction is broader than the definition in the guideline, but only in theory. In practice, it would be unrealistic to think that there would be any prosecution for endeavoring to manufacture without some possession of the materials needed to manufacture. I absolutely acknowledge that, but I don't think that we go through that door because I think case law supports that when the answer is provided by the statutory text. And, of course, we also discern what the text means in light of how the state court has construed it or made statutory construction conclusions. And so from the text that we have and the uniform instruction in the Tidwell case, we know that there is no requirement of anything to be possessed. Any effort itself, I don't think we need examples in actual cases to tell us what any effort means. We can judge from the statutory text that any effort can be any minimal effort that can be well under the degree of substantial step that is required by attempt. Following up on Judge Matheson's question, though, the question I think where he was going was the idea of I think it's a realistic possibility or realistic probability that this statute would ever be applied in a way that is as broad as the Ouija and is as broad as you might glean from the plain text. And so is Tidmore the only relevant case that you found in your research that focuses on this particular prosecution and how—and even then, they weren't—the defendant, at least as I recall, was not being prosecuted for this offense in Tidmore. They were just talking about it in the footnotes. So are you aware of any appellate OCCA-published decisions that speak to the scope of this provision? There is a dearth of case law, published or unpublished, that can provide us answers. And so I believe it's appropriate to look to the statutory text as construed by the Court of Criminal Appeals. You mentioned case law. Is there a good case to support what you're saying? Can you give us a case? I can 28J1, I assure you, if that's acceptable. Sure. Give it to us if you have it. Yes. Okay, I think I'll reserve my few seconds. Thank you. Thank you. May it please the Court, my name is Linda Epperle. I'm an assistant United States attorney in Muskogee, Oklahoma, and I represent the government in this matter. I believe that the questions posed to opposing counsel make it clear that the Court has centered in on the plain error issues, the first two prongs there, whether or not there was error and whether it was plain. And just for purposes of argument, we would make it clear that the government would concede that the third and fourth prongs would be met if this Court were to find plain error, just so those can come off the table. So you don't concede error? No, we do not. The easiest way to resolve this case, for purposes of the government and probably this Court, would be to focus only on whether or not the error was plain, because that is a fairly obvious issue. But I do not want to concede that endeavoring to manufacture in Oklahoma should not be allowed as a drug offense here, because it has been used in Oklahoma. There are examples in our brief at page 8 through 9 that these are not appellate court cases from Oklahoma, they are district court cases from the federal bench discussing cases where this statute has been applied. The Riggins case and the Levin case, which are examples of people gathering the materials that they need to go further and then manufacture methamphetamine. Well, that was part of your argument of saying that this is how, when one is charged with this offense, this is usually what they're doing, right? Yes. Now, the reply brief makes, it seems to me, a pretty valid point. We're not talking about what people are doing, we're talking about the elements of the offense, right? That is correct, Your Honor. Okay, so why is it relevant at all what people were doing when they're charged with this offense? I believe it's relevant for the reasons posed by Judge Matheson earlier, and to give the court sort of a context of what in the world does Oklahoma use this for, because as mentioned during opposing counsel's argument, this is not a case where we have 10th Circuit law, this is not a case where we have the laws of other circuits interpreting a similar crime, as you do say with offer to sale or perhaps conspiracy. So we're just trying to give the court some idea of what this crime has covered in Oklahoma. My understanding is that you're arguing that the endeavoring statute is typically used in a situation where the defendant has gathered or has possession of materials, but that takes us down the road of ways, but don't we need to get to the point of whether there's a realistic probability that it would be used in the absence of the defendant having drug-related materials? Isn't that a different question or a question that extends beyond your point? Your point kind of gets us a little ways in that direction, but not all the way. Yes, Your Honor, I agree. That is why it would have been so helpful if this issue had been raised below, with notice and briefing and time perhaps even to call in some expert who could look at the field of Oklahoma law on this matter and give us an idea of statistically how many times has it been used this way? Has it ever just been used when there was no possession of dangerous chemicals? All of that could have been developed for this court had we had an objection below. And I'd just like to reference for the court that going toward that— Counsel, let me just ask you about your last point. Does that go to error or does that go to plain error? The question of— Well, you were saying it would have been nice if the record had been more fully developed about how the statute is used. And my question is, does that argument speak to whether there was error or there is error in considering statute to be a controlled substance offense under the guidelines? Or does it go more to the fact that we don't know whether the error was plain, assuming that there was error in the first place? I think it goes more to plain error, but I think it also is important on the error question. Why is that? I mean, we decide de novo whether it is or it isn't error. And I guess it would certainly have been nice in terms of the district court to be put on notice in terms of plain error, but now it's up to us to decide whether, in fact, it was error. And on that point, shouldn't we look at Tidmore and say that the Oklahoma Court of Criminal Appeals has decided that the endeavoring statute is completely separate from the general statute-defining attempt and there's no requirement of an overt act? Doesn't that in itself tell us that the endeavoring statute is broader than this attempt? It is different than intent, Your Honor, but I would not agree that it is necessarily broader. The issue under- Well, one requires an overt act and one doesn't, at least according to the Oklahoma Court of Criminal Appeals. Does it have to be attempt? No, it does not have to be attempt. It could be many things, Your Honor. It could be attempt, it could be something that is completely not listed in the rubric of 4B1.2, such as in the case recently, the unpublished case where we used transportation. Well, in the D'Amelio case, wasn't essentially the court saying that it had to be similar to the ones that are listed in the first comment of the guideline provision, right? That's my understanding. And so it could be similar to attempt, but also similar to conspiracy, which- why it is not maybe attempt, why it is not conspiracy, but it doesn't have to be. And that's where it's helpful to look at the different definitions that have been used in the scan authorities that we have. We have the Milburn case that has talked about a systemic effort. There must be some physical, some perhaps sustained effort toward accomplishing something. If we look at the uniform jury instruction, I will agree that it says any effort. However, that uniform jury instruction relies upon and cites as its authority the Russell case, the Supreme Court case from 1921, dealing with endeavoring to influence a juror. And in that case, a clever attorney went to the wife of a prospective juror, said to the wife, you know, I'd really like for you to find out what your husband is up to, because we only want to give money to the people we think are going to be in our corner down the road. And the Supreme Court said that that is not the same as influencing a juror. The defense attorney or the attorney involved tried to cut corners and be clever, but the Supreme Court said endeavoring is exactly what that is going toward. It's not, the issue is not the actual crime here, which would here be manufacturing. The issue is the endeavoring, and the danger is the endeavoring, the attempting, the moving toward that illegal go. The case that you're talking about now is what? It is the Russell case. It is a Supreme Court case from 1921. Okay. Well, it's moving towards, but moving towards doesn't get you attempt, right? No. Okay. And so, and I'm looking at the Milburn case, which of course is unpublished, but even there, when you're talking about exercise physical and intellectual strength, systemic or systemic, which everyone really meant, I mean, in that situation, that could still be preparatory acts, which would not be attempt either, right? You know, the statute says mere preparation doesn't equal attempt. So systematic or systemic effort could be mere preparation, right? It could be mere preparation. However, here, preparing to manufacture methamphetamine, you could collect all of the dangerous chemicals. Or you could think about it and write a list of what you're going to, I'm going to cook up some good meth and you write a list. Well, I don't know whether you would prosecute people in the Eastern District of Oklahoma for attempt for writing that good list, would you? No. Okay. We would not. And I do not believe that that's how endeavoring has been used. And I understand that that is not the issue on the error, but it certainly is the issue on whether or not the error is plain. Turning back to Milburn, in that case, the court was focused on the Black's Law Dictionary definition. Since that time, we have jury instructions that have been approved that use a different definition of endeavor. Isn't that the one we should be focused on now? The any effort is certainly the jury instruction now. It's broad, isn't it? It is broad, but the Black's Law Dictionary, the alternative definitions for the word endeavor that have been used over time, including the case that is cited in the Oklahoma Uniform Jury Instruction, emphasize something more. It's not the same thing as an attempt. It is a systematic, and we would argue that that is even exercising more than an attempt. The jury instruction, does it require systematic or systemic, whichever they meant? No, any effort toward attaining a goal. So any effort is one time, right? One thing you did. Any effort. Theoretically, that may be true. And I think that perhaps part of the reason that we see such a dearth of opinions is that, and I do not profess to be an expert on the development of the methamphetamine law in Oklahoma, but given the date of this instruction, the date of the Tidmore decision, it is likely, and this is something that should be explored if this topic goes back and is looked at as to whether or not in the future it's error. It may be that Oklahoma, after determining all of the dangers attendant to the chemicals involved in methamphetamine, developed additional statutes that more specifically went toward possession of those materials, and that is maybe why we have such a lack of authority. But in this case, we had a lack of authority. We had an experienced federal, assistant federal public defender who saw no issue below. We had the court who saw no issue below, the probation office, our office. No one read, tagged this as a potential issue that needed to be explored further. The error here is not plain, and the Ruiz-Ghia case, which is cited at page 13 of the defendant's brief, makes the point that generally there is not plain error if there is not a Supreme Court decision or a decision of this court directly on point, unless it is clearly erroneous and there's maybe only one interpretation of a potential statute. Here, there was no Tenth Circuit case on point. Recent unpublished cases showed that you can adopt other words like transportation that aren't in the laundry list. And finally, unlike Matkins and McKibbin, there were not cases from other circuits. Indeed, from the research that I did, I could not find another case under the categorical approach doctrine where endeavoring to manufacture was mentioned anywhere in the U.S. So we would argue that certainly the error wasn't plain, but given the danger involved in the- So I'm just curious, if you went out of circuit in search of cases, do many of the states have a similar endeavor provision, or is Oklahoma a certain uniqueness of the Oklahoma statute? I cannot give the court an informed decision as to whether there are other statutes that use the word endeavor. I can tell the court that I did look for other decisions citing the word endeavor in these contexts and found nothing. Therefore, we would argue the error was not plain. The matter should not be reversed, and we urge the court to affirm. I would just point out that the Milburn case was decided in 2005 and did not have the benefit. It was also looking at a trial record that is pre-2001. I don't know when the case was tried in state court, but it refers to the Court of Criminals' decision in 2001. And so Milburn followed the definition of endeavoring that was given in the jury instructions, which did not have the benefit of later developments in Oklahoma law. So I would point that out, along with the fact that the Russell case has not been adopted by the Court of Criminal Appeals for this purpose. But Russell was cited in the jury instructions. It's just cited in the jury instructions. That doesn't incorporate the totality of that case. It's just a reference. Could I ask just a quick question? You're not questioning that this statute is divisible, right? Yeah, I don't think divisibility comes into it. Okay. You have to have over breadth before anyone's concerned about divisibility. Okay. Thank you. Thank you. Case is submitted. Thank you.